Thank you, Your Honor, for your time. I'd just like to draw the Court's attention to what I believe to be the central issue of this case here. This is a case involving whether a federal court has jurisdiction over implied certification claims. The Department of Labor specifically does not have any sort of jurisdiction whatsoever over fraud. As a result, if this Court decides against the Bader v. Triple Canopy decision that it recently decided that implied certification claims do indeed belong with the federal courts, not with the Department of Labor, then my client would indeed request that this Court remand this case on the merits, and the very least, upon remand, grant any leave to amend the complaint or stay the case pending further DOL discovery and investigation. Well, it seems to me that there are four or five issues. One is whether we're going to establish a precedent here. Do we follow the Summers rule for the breach of the seal requirement, or do we follow Lugan out of the Ninth Circuit? And the second part of that, we've got to decide whether it's a jurisdictional or procedural issue. So, which do you want? Yeah, I think the center of this case is really the defendant's attempt to try to claim that this is a Department of Labor matter and not a federal district court matter. There are ancillary questions. I was planning to get to that. Oh, for the seal? Okay, I can start right into the seal. There's a question about whether or not the seal was breached. The seal was not breached. The bottom line was there was no public disclosure of the dependency of the False Claims Act complaint specifically. Any sort of claims that were made were made to either attorneys of the opposing side or employees of the opposing side who were actually operating what in our belief are NDAs in the context of an attempt to try to settle out some of the case. So, under Rule 408, there's a question. My question to you is, under Summers, it's a categorical dismissal. Under Lugan, there's a balancing test. And so, we don't know what the balance test is. So, which one do you want this court to adopt? I'd like to get to that, but I'd like you to adopt the Lugan case and specifically the balancing test. We think below, the court erred in considering the harm to the government. Specifically, the harm that was suggested was that the government didn't have a chance even despite an extended review period and actually seeking to lift the seal on its own and stating that lifting the seal would actually be advantageous to the case specifically because it would further the government's investigation because the government can ask the defendant to respond to allegations and better evaluate relator's claims to speed its decision that the finding of harm to the government to the extent there even was one below is not immediately discernible from the oral decision. You started out by saying there was no breach of the seal.  I mean there was no breach of the seal. The court calls the other side and tells them you need to stop doing this because there's an action I have. That, I mean, it surely does meet one of the problems, the tipping off of the employer that there is this action going on. Well, the actual And apparently the government sort of took the position that that was a breach of the seal. I mean, you can't do that. You're not supposed to do that, are you? I'm not sure that there's any finding to date that holds that you cannot speak or have an early meeting with counsel on ancillary issues in the case. You don't suppose that's going on again, do you, is what I'm trying to say. You don't think a lawyer is going to pick up the phone and call the employer and say, you know, I've got an action against you. Let me finish the question, please. Because I'm just trying to get to the basis of Judge Floyd's question here because you seem to start out with a proposition where there's no seal breach here so we don't have to deal with it, but if we've got to deal with it, go with Lewin. And I'm trying to – I think it starts with the basic premise. Well, let's start with the premise there was a breach of the seal here. And what is the – it's more of a sanction-type action. At least it would seem to me, to get away from this dismissal with prejudice, which is really your argument, because the matter was dismissed with prejudice. So the question is, should it have been dismissed with prejudice or without prejudice, or is there something else to do with it? But to get there, you've got to get from being jurisdiction into the sanction arena. And to get there, you simply say, well, you know, even if it is breach of the seal here, then dismissal with prejudice is not the remedy for it. Well, certainly, in the first instance there was no public disclosure, and that's what the rule would require, and even more so. If I may, I think that we're sort of mixing things up here. The reason you prohibit public disclosure is because you're worried that if you disclose it publicly, the employer will hear about it. That's all irrelevant if you actually pick up the phone and call the employer – I'm sorry, the defendant. Okay, so actually we're mixing two concepts. So public disclosure is the actual public disclosure of a complaint. The issue here is that the action is supposed to remain under seal and in private pending the outcome of the dispute. I'm not aware of a single case, Your Honor, where we're speaking to the opposing counsel about a matter that involves ten counts. But because nobody would ever limit you to that. Like everybody gets that if you actually tell the person directly, that's a violation. The harder questions are you tell, like, one person who doesn't really have an interest in the case. I'd beg to differ, Your Honor. I'd beg to differ because the rule specifically says that the complaint should be filed in private and remain under seal. We've gone past that point in this circuit, right? We have said that that means you're not allowed to tell the subject of the complaint. In what case? I'm not familiar with the case. Specifically, Your Honor, what – It doesn't matter. Let's take this position on it. We're going to look at this and we'll look at it from your view in terms of the public disclosure on it. But accept at this point that a seal breach has occurred here, at least from the perspective of where we read it. Not statutorily. But accept that if we're going in that direction, how do you then argue this case? Service of the complaint, Your Honor, is required. Rule 4 service did not occur. If we were actually to read the statute – As Judge Harris has pointed out, the purpose of the public prohibition from disclosure so the employer does not get to know it. Can I ask – The public doesn't much care about this one way or the other in terms of disclosure. To them, in terms of the seal break because it's not like an influence is going to happen there. The influence is happening within the employer. But I want to move from that point because there are other issues in this case. And I think you've got some good points and I want to see if we can get there. I think I've tried to put you there. But I think the first issue is whether this should have been dismissed with prejudice. I've stated in the briefing, Your Honor, that I don't believe that it should have been stated – dismissed with prejudice. I've also stated during this same conversation that only one of several factors in the balancing test were applied. There was a counterintuitive application to suggest that there was actual harm to the government when the government actually asked for the seal to be lifted. When all of this information became aware, it was lifted. The government conducted an investigation, extended its investigation, ultimately declined to intervene. There's no showing of any sort of, I guess, under the second factor, severity of the violation that the defendant actually may have, as a result of being, quote, an indigent plaintiff, that the defendant actually manipulated the proceedings. And I'm not sure that there was a finding below that they manipulated the proceedings, nor was there bad faith or willful action on my behalf. With regard to any sort of bad faith, I've tried to state several times that my client was indigent, was being retaliated against in the complaint we alleged he was moved all around the – When you say factors, are you speaking to the Schaeffer equipment case? I'm speaking about the Lugin factors that Judge Floyd had just asked about. The Schaeffer equipment case in this circuit deals with dismissal with prejudice or without prejudice. And it goes to the way in which you look at that as to whether it should be done. And the court here, from my view, didn't look at those factors. And I'm wondering why you are not arguing that direction, because among those factors is to what extent would the client be blamed, could be blamed for this? If a lawyer does this in this instance, to what extent could the client? That goes to the question of whether a case should be dismissed with or without prejudice. I'm not familiar with that case, Your Honor, but what I would state, Your Honor, is that any actions here were under great duress, a client directing an attorney to take action, because he was being retaliated against both on the job, being moved around, and could barely afford to stay in low-income housing. Duress on the part of the lawyer or the client? The client, Your Honor. The client was experiencing great duress. And that's the thing, is that there were ancillary claims. There were retaliation claims, Fair Labor Standards Act claims, among several other claims that were unrelated to the case in principle, like many of the cases out there involving seal violations, which focused solely on the False Claims Act. With that said, we've also raised the issue of this not being a narrowly tailored sort of application of the statute at the court below. We've suggested, as this court has considered in USXREL, UBL versus IFF data. Oh, actually, I'm sorry. It was the Ball versus Judicial Inquiry at 907-F2D-440, where I believe this court did not get to the issue. And if it was not that case, we've actually briefed the case. The court did not get to the issue of the constitutionality of a seal violation, potentially seal violation, because that plaintiff was found to not have standing. Here, the plaintiff has standing. We have a situation where the compelling purpose of this statute is to prevent or stop fraud, especially where the investigation might continue unabated. And that's the only clear reading of the statute. Yet here we have an ambiguous seal provision, and absolutely no notice requirements with respect to what that seal means. So it's now become incumbent upon an attorney to kind of determine whether or not he should adequately represent his client or not, because there's this ambiguous seal requirement out there that clearly is not narrowly tailored. I'd also state that the rule, the statute that we're talking about, requires Rule 4 service, and there was no service of the complaint, nor was there service of a summons in this case. But his retaliation claim is certainly tied to the Quaytam action, isn't it? Are there relations between ñ actually, the defendants would argue no, they're not, right? So Quaytam is a fraud statute. Fair Labor Standards Act is a minimum wage statute. Two separate claims, different and apart. Was there also a fraud retaliation claim that was made? Yes. The retaliation claim in principle, the issues that we were having, and also the defendants' attempt to claim that we were seeking litigation leverage when we were actually asking for under this state's law and employees' records, which they've refused to give generally to this date. I just simply don't see how this was even considered. To a certain extent, instead of litigation leverage, I would allege that they were settlement discussions in the very least. I'm just going to ask you again about the retaliation claim, because I actually found that one kind of tricky. So the district court clearly treated them as different, right? Dismissed the Quaytam claims based on three different rationales and then treated the retaliation claim as separately, right? Even though he had dismissed the Quaytam claims, the retaliation claim had sort of an independent presence that had to be dealt with, right? That's the way the district court thought about it. What I'm trying to ask you is even if you were to lose on your Quaytam claims, could you still win on the retaliation claim? At this point, we've only appealed on the fraud claims. But the fraud retaliation claim? Yes. Okay. No, no, no. We've appealed on... Let me ask you. Let me be just as specific as I can. If we were to find that there was a seal violation and that the appropriate sanction for that was dismissal, I believe it was Claims 1 and 2. Is that right? I believe it's Counts 1, 2, and 4. Which one is 4? I think 4 was about particularity of the complaint. Okay. Okay. The retaliation claim based on the fraud, the claim that I was retaliated against because I was investigating a matter that could reasonably have supported a viable False Claims Act claim, that would survive. The seal violation doesn't make that go away, does it? The seal violation will, as far as I understand, make this entire case go away. And my client will be left with the... Is that the way the district court understood it? I think the entire case was dismissed with prejudice and costs were awarded against an indigent defendant when costs weren't asked for. All right. You have a few minutes, Senator Butler. Okay. From the other side. If I may please the court. Randall Brader on behalf of the Appalese. I'd like to address the breach of the seal first. The statutorily mandated seal for key TAM actions. Before you start, make us clear in terms of what the standard of review here is. The district court's authority to dismiss with prejudice did not derive from the False Claims Act, did it? I believe it did derive from the False Claims Act, and I believe that's where the district... The seal authorization in the False Claims Act that authorized dismissal is a sanction for a violation of the seal requirement. So wouldn't it have to come from the court's inherent power to dismiss with prejudice? I think it would come from the court's inherent power. The way the court ruled... The difference being if it does, then the standard of review is abuse of discretion. Is that right? I believe that's correct, Your Honor. So is that the standard of review here, the abuse of discretion? I believe the standard of review for this dismissal is abuse of discretion. The court did not make clear whether it was ruling under its inherent authority or whether... That's all it could because there's no statutory authority to do it. Well, the court could rule that under 12B1 or 12B6, that because the relator breached the seal, and the seal is an explicit requirement that allows the key TAM relator to bring the claim in the first place, that the key TAM relator lost its power to bring that claim. That's how Judge Ellis ruled in the Erickson case, and that's very similar to what the Summers court ruled in the Sixth Circuit. The Lujan case in the Ninth Circuit was slightly... Is it a jurisdictional determination? In this case, I don't think it really matters because if it's jurisdictional... I'm trying to determine the standard of review here initially because when we look at, at least in the Fourth Circuit, with regard to whether a case should be dismissed, we look at the factors in the Schaeffer case and determine if a court has abused its discretion. And I'm not sure the court here even thought about or looked at the Schaeffer case or did. Well, I don't think the court explicitly looked at the Schaeffer case, but I believe that the court believed it was within its inherent power in order to dismiss. Yes, it was within its inherent power, but the Schaeffer case established the way in which you do it. And among those, if you have, as we sort of think from here, as a breach of the seal, because the lawyer has revealed it to the employer, among the factors is whether the client is blameworthy in this situation. And I don't think he even mentioned that. I don't believe the court analyzed whether or not the client was blameworthy in this situation. If you want to dismiss a case, I mean, when you think about the reasons for the seal on it here, give the government to see if they're investigating time to do it and then you don't want to tip off the employer, that in and of itself doesn't suggest jurisdiction. It seems to suggest the violation is a sanction. And when you're dealing with the inherent power of the court, you then look to these factors. And that's the way in which you determine. I mean, there are other ways. I mean, we've got cases in which this has happened in other circuits and a fine was levied, sometimes a very substantial fine, you know this, there. And that's the first concern I have in the case is should it have been dismissed with prejudice? And did the court, if so, did the court go through, well, and determine if it's so, these factors to say I have the, because of my inherent authority, I'm dismissing it with prejudice. I believe the analysis, and I believe the court, the case that you're referring to is the Baby case from Georgia. And I believe the court went through the analysis and looked at the cases that have decided this issue, including the Erickson case from the Eastern District of Virginia, Summers, and Lujan. And in all of those cases, the court was looking at the question, what was the purpose of the seal provision in the False Claims Act? And the purpose, as espoused by Congress, was in order to allow the government to investigate and decide whether or not the government was going to intervene in the case and to be able to do that without tipping off the defendant. Absolutely. I want to deal with something to make sure we're on the same boat. I don't want you to go down a path and I'm thinking something different. You've got to help dispel this notion. I'm thinking of Erickson and other cases. Those cases, somewhat unlike this case, I think here initially there is compliance with the seal requirement. So the question is now you've violated that compliance, which sort of my view calls for sanctions. If you don't do it in the first instance, then you don't have jurisdiction, which is Erickson. Well, I think Erickson is under those circumstances, it's really not that different because there it was the lawyers that made the mistake as well. The problem is when they made the mistake. The mistake is either at the beginning, you don't even do it. So if you don't do it, then you just haven't complied. But if you do it and then subsequently you violate it, then the question becomes I don't think it's a loss of jurisdiction. It becomes, well, what do you do to it? And that's the case I'm talking about with the substantial fines. That's exactly what happened. You look at it and you say, okay, well, you didn't do it. Now what are we going to do? Are we going to fine the lawyer or are we going to create some other way to make this right on it or go through those factors in the Fourth Circuit to determine should this be dismissed with prejudice? Because if it turns out the client, he's home, he didn't even know this was going on. The lawyer calls up and says, hey, you need to leave my client alone or that sort of thing because I filed an action. He doesn't know anything about it. Not that that's dispositive, but I'm saying that's one of the factors. Yeah, and I believe in the record, and I'd have to double check, but I believe in the record that the statement by counsel was that the contact was made at the client's request. But be that as it may, the court – The court didn't go through that. Correct. It could if we sent it back. I mean, it could go back to it and say that. The court didn't even think about that. Correct. And what the court looked at was whether or not the breach of the seal was serious enough that it couldn't be cured because that's how the Erickson court analyzed this. The Erickson court looked at it and said, okay, the seal has been breached. And I would say that, yes, here it was filed under seal, but immediately following the filing of the complaint, the day after the relator's counsel called the defendants, informed them about the case, told them what it was about, and then followed that up with a second phone call the day after that and then followed that up with an email that fully disclosed this case. It completely obliterated the point of the seal, which would allow the government to pursue this case without tipping off the defendant, which is what the government said in their motion to partially unlift the seal and tell the defendants about it. So the way that Judge Titus was looking at this is he said, there's a breach here. The seal is in place. It's not jurisdictional just at the point of filing. It's jurisdictional for 60 days in order to allow the government to investigate this and allow the government to make a decision without the defendants knowing. And here government never got that opportunity. So by doing that within the 60-day period, the statute doesn't just say you've got to file it under seal. The statute says you file it under seal and it stays under seal. And the whole point of filing under seal is not just to file it under seal. It's to give the government that period of time in order to make its decision without tipping off the defendants. Here the government didn't get that time, and the way the district court looked at it was exactly how Erickson looked at it. This is a breach that can't be cured. The cat's out of the bag. The government, at least to the extent that the government had involvement here, made a representation that we don't have time, we didn't have time, but we haven't investigated this. The government did have an opportunity to investigate, but what the government said in the motion to partially unlift the seal was the whole purpose of the seal provision is to allow the government to investigate this without the defendants knowing. If there's enough evidence to be able to go forward with it and there's not been time to investigate, what do we do? We just say, okay, well, there's been and assume there was something here that there's some merit to the complaint from a public's perspective. So the public now has to say, well, because one lawyer picked up the phone and called the employer, we cannot now deal with this violation because that seal. I don't get this business that can't be fixed. It seems to me, I mean it doesn't prove the case, of course, because we're still at the early stages at this point, but it does seem at this point to allow it to at least to move beyond the dismissal without prejudice stage may be in the best of the public interest. Well, certainly the government had an opportunity to decide whether or not to intervene. And whether or not, I mean the key cases are the government remains the real party in interest. And the government throughout all of this had the opportunity, once it knew the seal was breached, the government had an opportunity to investigate and the government had an opportunity to intervene and say, this is a serious matter. We want to pursue this on behalf of the government. The government didn't do that. Once these motions were filed, the government was present at the oral argument. The government had an opportunity to come in and say, court, don't dismiss this. We want to pursue this case. Just because this relator and its counsel may have screwed up and breached the seal, we want to pursue this case because this is a serious matter. That's the government's interest. Well, the government's intervention is not dispositive insofar as this action. I mean, that doesn't mean every action in which the government doesn't intervene is dismissed, does it? No, that's correct. And what we're talking about here is solely dismissal of the key TAM relator's case. And I think there's a distinction in the False Claims Act between a case that can be pursued by a relator as opposed to a case that can be pursued by the government. And so your point, Your Honor, was, oh, if we dismiss this case, does that mean, you know, there's no opportunity for the government to pursue this? Well, I think the government has had an opportunity to do that, and I think dismissal here is simply dismissal as to the relator and the relator's case, and that's what the district court was focused on. And that's why the district court was so focused on the purpose of the seal provision because that provision only applies to cases brought by a key TAM relator similar to the public disclosure bar and similar to the first to file bar. Congress has explicitly stated, look, there are hoops that a relator needs to jump through and bars that they need to get past in order to pursue a claim on behalf of the government. And here what the district court said was this was a very serious offense. Right after you filed this complaint, you called the defendants, and as the judge found, there's no dispute of fact here, and the judge said the reason you did it was to bolster the significance of the wage violation claims. And whether or not that was to pursue a settlement or to gain leverage for the employee, it doesn't really matter. What Judge Titus looked at was, look, the congressional purpose of the statute was completely frustrated here. This isn't something you can cure. The relator can't then say, oh, it's back under seal, and the government can investigate this without the defendants knowing. Once they know, they know. And going back to the Bibby case and the other cases that were referred to, I'm not aware of any case where there was a violation of the seal that the defendants actually knew about other than service of the complaint where a court has ruled one way or another. The example of the case of Bibby in the federal court in Georgia was the relators were talking to the media, but the media kept it under wraps. They never told the defendant. And that court explicitly said there's no evidence that the defendants were notified of the case while the case was under seal. And that was one of the elements that that court looked at as well as other courts looked at to decide, oh, are we going to dismiss this case or are we not going to dismiss this case? So going back to the point, oh, is this dismissal with prejudice or without prejudice, I believe that there's no dispute amongst the courts that have found that there is a breach of the seal that merits dismissal, that that dismissal is with prejudice. I believe breach of the seal would be very similar to under the public disclosure bar. Otherwise, you lose your ability to bring the case once that seal is breached. But that authority those courts go to is not the Federal False Claims Act, as we stated, because that does not give you provision. You've got to do this jurisdictional reach to say, well, you've lost during the 60 days to get there from your perspective. Because otherwise you're looking at the inherent authority of the court. That's correct. Well, we can dodge all this as to counts one and two if you can convince us that the relator didn't properly plead under Rule 9B of the heightened pleading rule. That's correct. I think there were three different grounds that the district court gave for the dismissal other than the breach of the seal. So if the court were to decide we don't want to look at the breach of the seal or however they're going to rule, there's still two other grounds by which the court dismissed it. The first was based on primary jurisdiction, and this was related to the Windsor case in the Eastern District of Virginia. And others would say that there's no private action under the Davis-Bacon Act. The allegation here is that the relator was not paid the appropriate wages under the Davis-Bacon Act at three different sites. And the issues here involve whether the appropriate wage determination was used and whether the appropriate classification for the work performed by the relator was appropriately used. And as the district court found and other courts have found, that deference to the agency and the wage and hour division of the Department of Labor that spends 365 days a year analyzing and applying these legal and administrative regulations of the Davis-Bacon Act is not only prudent, but it's mandated by the Davis-Bacon Act. And not only the Windsor court found that, but the U.S. Supreme Court found that in the Code 2 case. And the regulations of the Davis-Bacon Act say that those disputes must be resolved by the Department of Labor. So the issue here of proper classification is something that properly should go to the Department of Labor, and that's how the court ruled, and that is another basis in order to dismiss the case, which is also what Judge Ellis did in the Eastern District of Virginia because the court doesn't have jurisdiction. It's an issue that must be decided by the Department of Labor, not the court. But we've said in the Siegel case that even here a dismissal without prejudice would not be proper unless it's futile in the attempt to amend the complaint. So if we could remand, I mean, we don't know as of yet as to whether that would be futile if, in fact, it is deficient in that manner. Well, to the extent it's a jurisdictional question, I believe it is futile because the question of the proper classification and proper wage determinations would need to go to the Department of Labor first. And that, according to what's in the record, has not happened. And so dismissal is appropriate under that circumstance because it is futile because you can't change the fact that the Department of Labor needs to decide this. Judge Titus said something about maybe staying the case for a referral. I mean, is the proper remedy to dismiss or can you stay it, let Department of Labor go first and then? Yes. There are courts that have found that you could either dismiss it or stay it and allow the Department of Labor. You could dismiss it. It would be with a right to come back after. It could be. The Windsor case dismissed it with prejudice. Other courts have stayed it or you could dismiss it without prejudice. And, you know, whether or not once that's been decided and it comes back, whether that would be a first-to-file problem or not, it's an issue to decide at that point, not now. I want to touch briefly on the 9B issue. There was a major issue under Rule 9B here. The district court found that there was no particularity at all in the complaint. The relator argued that, well, I alleged a fraudulent scheme and, therefore, that should be sufficient. The court properly looked at this court's Decatur decision and said a fraudulent scheme without particularity is not sufficient. You need to allege the time, place, and contents of the false representation. You have to allege the who, what, when, where, and how. Here, none of that was done. There was, as the district court described it, as described our argument being, the complaint, although it's very long, is sound and fury signifying nothing, which I think is an appropriate description. The only allegation is that there were certified payrolls submitted to the government which falsely represented Davis-Bacon compliance. There was no specificity as to what certified payrolls. There's no specificity as to who submitted them. There's no specificity as to what defendants were actually paying the workers. There was no allegation as to how much they should have been paying. There was no allegation as to the appropriate classifications. So, and specifically with respect to defendants other than the employer, Shirley, and the main contractor, Clark Smoot-Russell, on the National Museum of African American History and Culture, there's no allegation whatsoever that any of them were involved or had any knowledge about this case. So certainly that would be a sufficient grounds under Rule 9B to dismiss because there is no there, there. And as the district court found, the relaxed pleading standard would not apply here. And finally, with respect to retaliation, I want to touch on one thing about whether or not this claim could continue. If there's a False Claims Act allegation or not. The court, I believe there is a distinction between retaliation of the False Claims Act and a False Claims Act claim. And what the district court found here is that there was no employer knowledge of the fraudulent activity. There was solely employer knowledge of alleged problems with government compliance. And that is not sufficient in order to allege a retaliation claim. The court assumed there was protected activity. So the court didn't go to that point. The court simply said the employer only knew about Davis-Bacon Act violations, and a Davis-Bacon Act violation is not automatically an alleged fraud. I thought what the district court said was the defendants knew that, or prepared to concede, defendants knew that Smith was pursuing, sort of investigating Davis-Bacon allegations, but didn't know that he was investigating a False Claims Act claim. That's correct. That's not the standard, right? It just has to be that investigating something that reasonably, foreseeably could become a viable False Claims Act. And that's the part of the case I'm having trouble with. Because when you have a false certification theory, I'm not seeing the space between those two things. If they know that there's an investigation that they're violating the act, and they know that every week they have to sign a piece of paper to the government saying we're not violating the act, why isn't that like the perfect example of a case where if you know they're investigating the underlying statutory violation, you must know, the regulations tell you, if you violate that act and sign something saying you didn't, that could lead to False Claims Act liability. How is there any space between those things? Well, I think just to touch briefly, I know my time is almost up, but there are Fourth Circuit cases that have said just knowing about a regulatory violation that could possibly lead to fraud, it could possibly lead to False Claims Act. But there's no allegation in those cases aren't on the false certification theory. It's not that every week you're submitting a piece of paper to the government that says we're not violating that regulation. I think that makes it different because you see what I'm saying? It's almost like the certification, the fraud goes with the violation given this requirement of a weekly certification. Right. Well, I think the Zahodnik IBM case was a mischarging the government case where there would have been certifications as to what was paid. But the statute is pretty clear that there's got to be some knowledge of fraudulent activity. And if you take a look, it's not in the circuit, but if you look at the district court case in D.C., which is the Aramark case, there was an allegation that it was improper food being submitted for Medicare and Medicaid patients. And in Medicare and Medicaid, there are certifications which are involved. And the court there said all there is is an investigation of noncompliance with federal and state regulations, which is exactly the situation we have here. I know your light's on. May I ask one more question? Please. I mean, we spent all this time talking about how the relator can't tell the employer about what he's doing under the False Claims Act because that's going to get him thrown out for violating the seal. So it just seems sort of inconsistent to say, boy, you really needed to be clear about this. I'm not just investigating statutory violations. This is a False Claims Act problem. I mean, then he's in trouble for notifying, tipping off the defendant, right? So how does it work? Once the seal, it seems like there could be no retaliation once the claim were filed because at that point you cannot tell your employer what you're doing. So what if he retaliates against you after you have filed that thing? Well, if there was retaliation after the case was filed and once the defendant knew about it, certainly there could be a retaliation claim under the False Claims Act. Here, there would have to be some allegation or some knowledge on the part of the employer that there was a fraud investigation. These Davis-Bacon Act compliance investigations happen all the time. Under the Davis-Bacon Act, construction companies are dealing with this every single day under federal contracts. The contracting officer is required on a regular basis to conduct compliance investigations on the Davis-Bacon Act and to suggest that, well, every time someone raises an issue under the Davis-Bacon Act, that could possibly lead to a retaliation claim. Not under other statutes. There certainly could be retaliation under other statutes. But under the False Claims Act, that specifically requires knowledge that there was a fraud investigation. It has to go beyond just a routine compliance investigation of state and federal regulations. And that's, I think, what the various courts have held. All right, thank you. Thank you. Mr. Miles, you have a few minutes. Judge Harris, Judge Nguyen, Judge Floyd, I'd just like to ask for one minute to just rebut what I heard on the seal issue and provide further clarification. I think that the defendants have done so for several months now, placing my firm on trial as opposed to answering the questions related to the fraudulent conduct that was alleged. At Title 31, Section 3730, Civil Actions for False Claims, Section B2, which I'm sure the court is aware of, a copy of the complaint in a written disclosure of substantially all material evidence and information the person possesses shall be served on the government pursuant to Rule 4D4 of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. If anything occurs as a result of this proceeding, I would hope that it would be this court's clarification of exactly what the seal violation is. We have in this same statute... I think what you are articulating, and I take it your firm was the firm that tried this case, I can appreciate where you're going, but I think if you're listening carefully, the court's not trying to place blame on one or the other. I think it's clear that you met the seal qualification requirements initially, which is a question of whether this is a jurisdiction or not. There is a different point of view in terms of whether jurisdiction should be implicated because of the 60-day rule, but it is the actions after it that comes into question, and it's those actions that may or may not implicate jurisdiction and it might be sanctions. But in any event, the question, because it's your client here that we're focusing on, not your law firm, which is a whole different matter if it does come up, but from the client's perspective, the question is whether this should be dismissed with prejudice. And it seems to me the argument at this point would be if dismissal with prejudice is to be done, where does the authority arise? Is it statutory or is it inherent? And if it's inherent, it's abuse of discretion. It seems to me to be the way it might go, and to do that, you then have to look at the Schaeffer factors in this circuit that tells you when it's appropriate to dismiss. And the court did not look at those factors. I think that's clear. But that all goes to the point of whether we treat this as with the 60-day provision there. Is jurisdiction sort of initially there, but you can lose it if you don't, if the compliance is not maintained? Yes, Your Honor. I respectfully ask to go on to the other aspects that the defendant raised. I do see that you've considered this, one being FCA jurisdiction, the second being Rule 9B. We've briefed thoroughly on the FCA retaliation question, the oral motion to amend below, and the award of costs. And so in the interest of the next four minutes, I'd like to focus on the False Claims Act jurisdictional question. More specifically, as Mr. Brader is likely aware, the Department of Labor has found at least one False Claims Act violation in this case. As Mr. Brader is likely aware, the Department of Labor has, upon the filing of our own pleadings, has made a decision to go back and reinvestigate at least the Smithsonian National Museum of African American History at this stage. We are waiting for them to do so with regard to the city market case. It's gone to the top of the Department of Labor's wage and hour division. I've liaised with them directly on these issues. What I would state regarding False Claims Act jurisdiction is that the court is correct that we were not given an opportunity to amend the complaint to the extent of any sort of alleged deficiencies, which I would unfortunately state, while there seems to be a relatively high pleading standard, there's a very low standard for arguing in generalities, which the defendants have done here, that the complaint should be dismissed. We are well aware, not only under the USXREL Bader v. Triple Canopy, which this court just decided in 2015 that implies certifications are before the district courts, under USXREL v. Circle C, that there is indeed a fraudulent action under the False Claims Act that is separate and apart from the action of a violation of Davis-Bacon, which is more of a payment question, not a fraud question. And Mr. Bader would now lead us yet again down his path of misclassification and making this a misclassification case. This is not a misclassification case. In Windsor, the question was, should this go to the Department of Labor, because the questions are complex. Your Honor, the questions are well settled here in our briefing in the court below, and also here we've provided significant Department of Labor memoranda. We provided Mr. Smith's own flag man certification card. We've even discussed generally the Department of Labor defining flag man very broadly, and even including it within the context of the question of what a signal man is. What we would state here is that in our pleadings below, we argue that the defendants, no matter what, never singly in any sort of showing paid Mr. Smith in accordance with the required fringe benefits under USGE Chin. The court below, even in the context of a misclassification, can decide the issue of overtime payments and fringe non-payment. At Smithsonian, Mr. Smith was a flag man. The question was that when they were digging a hole, which is heavy construction, they claimed that they were actually erecting a building and used the building construction schedule. I believe that the court below is capable of determining that. At City Market, at National Zoo, we made significant allegations in a 150-page complaint, 50 pages of complaint, 100 pages of supporting documents, that Mr. Smith was not paid under either of the publicly available charts in accordance with Davis-Bacon. At National Zoo, Mr. Smith similarly was not paid, nor were two of his colleagues, which the defendants attempted to claim was a deficient pleading that we suggested as evidence, additional pay stubs by two colleagues across several different sites. This, in my mind, is reflective of a scheme. Regarding Rule 9 particularity, I would state that Rule 9 says that malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. And I'd ask that we have a separate hearing on Rule 9 altogether because it would require us to go into parsing 150 pages. Thank you, Mr. Morris. Thank you. All right. We'll now come down and brief counsel and then move on to the final case. Thank you.
judges: James A. Wynn Jr., Henry F. Floyd, Pamela A. Harris